IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-HC-2174-D

DARNELL BOYD, )
)
Petitioner, )
)
v. ) **ORDER**
)
THOMAS SMITH, )
)
Respondent. )

On July 18, 2016, Darnell Boyd ("Boyd" or "petitioner"), a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1], a supporting memorandum [D.E. 1-1], several exhibits [D.E. 1-2], and a motion to expedite [D.E. 2]. Boyd seeks credit against his sentence for a period of time spent in pretrial detention. See Mem. Supp. Pet. [D.E. 1-1] 2–3. On February 8, 2017, the court reviewed the petition and additional filings pursuant to 28 U.S.C. § 2243, allowed it to proceed, and denied the motion to expedite as moot [D.E. 9].

On March 28, 2017, respondent moved to dismiss Boyd's complaint [D.E. 14] and filed a memorandum in support [D.E. 15]. On April 20, 2017, Boyd responded in opposition [D.E. 21–22], and filed additional exhibits [D.E. 22-1]. On August 31, 2017, the court informed the parties that it intended to construe respondent's motion as one seeking summary judgment, and directed the parties to supplement their filings with additional briefing and exhibits [D.E. 25].

On October 12, 2017, respondent moved for summary judgment [D.E. 30], and filed a memorandum in support [D.E. 31], the declaration of Dawn L. Giddings ("Giddings"), a Correctional Programs Specialist at the Designation and Sentence Computation Center for the

Bureau of Prisons ("BOP") [D.E. 33-1], and several exhibits. See [D.E. 33]. On November 6, 2017, Boyd responded in opposition [D.E. 36] and filed additional exhibits [D.E. 36-1]. As explained below, the court grants respondent's motion for summary judgment.

I.

On July 12, 2007, Boyd was arrested in Michigan and charged with receiving and concealing a stolen vehicle and violating his parole. See Resp't's App'x, Giddings Decl. ¶ 4 [D.E. 33-1], Resp't's App'x [D.E. 33-2] 3 (excerpt from presentence report); cf. Mem. Supp. Pet. [D.E. 1-1] 2. On July 25, 2007, the state court dismissed the vehicle charge and placed Boyd in the custody of the Michigan Department of Corrections on the parole violation warrant. See Mem. Supp. Pet. [D.E. 1-1] 2; Giddings Decl. ¶ 5; Resp't's App'x [D.E. 33-2] 3 (excerpt from presentence report).

From July 25, 2007, through February 17, 2009, Boyd remained in state custody on his parole violation warrant and pending the disposition of additional state criminal charges.[1] On February 13, 2009, Boyd was charged in the Eastern District of Michigan with distributing cocaine. See Resp't's App'x [D.E. 33-11] 2 (administrative remedy). On February 17, 2009, the United States Court for the Eastern District of Michigan issued a writ of habeas corpus ad prosequendum concerning Boyd. See Mem. Supp. Pet. [D.E. 1-1] 2; Giddings Decl. ¶ 6; Resp't's App'x [D.E. 33-4] 4 (writ); Resp't's App'x [D.E. 33-6] 3 (USMS prisoner tracking records); Pet'r's Supp. Exs. [D.E. 36-1] 8 (copy of criminal case docket sheet). On August 12, 2011, Boyd pleaded guilty to the federal cocaine charge. See Resp't's App'x [D.E. 33-14] 8 (motion for reduction of sentence). Pursuant to the writ, Boyd remained in federal custody from February 17, 2009, until his federal sentencing on March 29, 2012. See Pet'r's Resp. Opp'n Mot. Dismiss [D.E. 22-1] 2–4 (detention hearing transcript); Resp't's App'x

---

[1] The additional state charges did not result in a criminal conviction and were dismissed. See Mem. Supp. Pet. [D.E. 1-1] 2.

2

[D.E. 33-6] 3 (USMS prisoner tracking records); cf. Resp't's App'x [D.E. 33-14] 5 (defense counsel's brief in support of motion for reduction of sentence).

The federal court imposed Boyd's federal criminal sentence "to run concurrently to . . . any State Sentence." Resp't's App'x 23 [D.E. 33-5] 3 (criminal judgment); Giddings Decl. ¶ 7; Resp't's App'x [D.E. 33-11] 15 (excerpt from sentencing hearing transcript). Accordingly, the BOP designated the Michigan state prison system for service of Boyd's federal sentence, commencing on the date that the federal court imposed the sentence, March 29, 2012, and Boyd's federal sentence began to run on that date. See Pet'r's Supp. Exs. [D.E. 1-2] 2 (BOP administrative remedy response); Resp't's App'x [D.E. 33-9] 2 (BOP detainer and notice designating state prison for service of federal sentence). The BOP, however, did not award Boyd any credit for the time Boyd spent in state custody for the parole violation between his July 12, 2007 state arrest and his federal sentencing on March 29, 2012. See Giddings Decl. ¶¶ 14–16; Resp't's App'x [D.E. 33-11] 2–11 (Boyd's request for administrative remedy and responses); Resp't's App'x [D.E. 33-12] 2–3 (Willis / Kayfez Calculation Worksheet). The BOP calculates Boyd's release date as December 13, 2020. Giddings Decl. ¶ 12.

On April 11, 2012, Boyd moved to reduce his federal sentence. See Resp't's App'x [D.E. 33-14] 4–12. On June 26, 2012, the court held a hearing on the motion and concluded that it lacked the authority to grant the requested relief. See id. at 18–26; United States v. Wilson, 503 U.S. 329, 333–35 (1992); United States v. Westmoreland, 974 F.2d 738, 737 (6th Cir. 1992).

On March 25, 2013, the Michigan Department of Corrections conducted a parole violation hearing, found that Boyd had violated his parole, and re-paroled Boyd with the recommendation that Boyd "be released to his federal detainer so that he can begin serving that sentence." Pet'r's Supp. Exs. [D.E. 1-2] 5 (parole violation formal hearing summary and recommendation); Resp't's App'x

3

[D.E. 33-7] 2 (same); see Giddings Decl. ¶ 9. On May 4, 2013, the Michigan Department of Corrections discharged Boyd from state custody to his federal detainer. See Giddings Decl. ¶ 10; Resp't's App'x [D.E. 33-8] 2 (MDOC certificate of discharge).

Boyd seeks credit against his federal sentence from the date of his state arrest, July 12, 2007, until March 29, 2012, the date of his federal sentencing. See Mem. Supp. Pet. [D.E. 1-1] 3; Pet'r's Supp. Exs. [D.E. 1-2] 2; Giddings Decl. ¶ 14. Respondent contends that Boyd is not entitled to any additional sentencing credit.

II.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. See Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Scott v. Harris, 550 U.S. 372, 378 (2007).

The BOP may award credit towards a sentence of incarceration for time spent in pretrial detention as follows:

(a) Commencement of sentence. A sentence to a term of imprisonment commences

4

> on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence</u>.

18 U.S.C. § 3585 (emphasis added). "Congress made clear [in section 3585(b)] that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337.

A term of federal imprisonment commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). "A federal sentence does not commence until the Attorney General receives the defendant into [his] 'custody' for service of that sentence." United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998). "[P]rimary jurisdiction over a person is generally determined by which [sovereign] first obtains custody of, or arrests, the person." United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005); see Evans, 159 F.3d at 912. A "writ of habeas corpus ad prosequendum, issued to bring a prisoner to his own trial, works as a mere loan of the prisoner to federal authorities and does not effectuate a change in custodian for purposes of the federal statute . . . ." United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) (alterations and quotation omitted). "Principles of comity require that when the writ of habeas corpus ad prosequendum is satisfied, the receiving sovereign return the prisoner to the sending sovereign." Evans, 159 F.3d at 912.

5

Boyd contends that the state did not apply his pretrial detention to any state sentence because his state criminal charges were dismissed and the state re-paroled Boyd to serve his federal sentence. See Mem. Supp. Pet. [D.E. 1-1] 3–5 (citing Kayfez v. Gasele, 993 F.2d 1288, 1290 (7th Cir. 1993), and Willis v. United States, 438 F.2d 923, 925 (5th Cir. 1971) (per curiam). Those cases, however, are distinguishable. See Rose v. Williams, No. 3:16CV31, 2016 WL 8115663, at *6 n.3 (N.D. W. Va. Dec. 28, 2016) (unpublished), report and recommendation adopted, 2017 WL 388829 (N.D. W. Va. Jan. 27, 2017) (unpublished). The time Boyd spent in custody between his July 12, 2007 state arrest and his March 29, 2012 federal sentencing was credited towards his state sentence for the parole violation. See [D.E. 31] 9. Accordingly, Boyd has failed to raise a genuine issue of material fact concerning whether the BOP properly determined that he was not entitled to the requested credit. See Rose, 2016 WL 8115663, at *6; Childress v. Coakley, No. 4:14CV690, 2015 WL 4986768, at *10–11 (N.D. Ohio Aug. 19, 2015) (unpublished); cf. Jenkins v. Tribley, No. 11-10424, 2014 WL 292152, at *3 (E.D. Mich. Jan. 27, 2014) (unpublished). Accordingly, the court grants respondent's motion for summary judgment.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Boyd's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court GRANTS respondent's supplemental motion for summary judgment [D.E. 30], DENIES AS MOOT respondent's motion to dismiss for failure to state a claim [D.E. 14], and DISMISSES petitioner's application for a writ of habeas corpus. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 15 day of January 2018.

                                                       JAMES C. DEVER III
                                                     Chief United States District Judge